**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.    12-54935 - WLH |
| | ) | |
| WILLIE WHITEHEAD, JR., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S APPLICATION FOR AUTHORIZATION TO EMPLOY**
**BONDURANT, MIXSON & ELMORE, LLP AND DAVIS, ZIPPERMAN,**
**KIRSCHENBAUM & LOTITO, LLP AS SPECIAL COUNSEL FOR TRUSTEE**

COMES NOW, Jordan E. Lubin ("Trustee"), who moves this Court for entry of an

order authorizing the employment of Bondurant, Mixson & Elmore, LLP ("Bondurant")

and Davis, Zipperman, Kirschenbaum & Lotito, LLP ("Davis") as Special Counsel for

Trustee, and in support of this Application, Trustee represents as follows:

1.

Willie Whitehead, Jr. ("Debtor") filed a voluntary petition for relief under Chapter 7

of Title 11 of the United States Code on February 27, 2012.

2.

Jordan E. Lubin was appointed interim Chapter 7 Trustee and thereafter became

permanent Chapter 7 Trustee following the §341(a) Meeting of Creditors, held on April

3, 2012.

3.

Bondurant and Davis ("Special Counsel") have knowledge and experience in the

area of personal injury claims and litigation, including class actions and multidistrict

litigation.

4.

By this Application Trustee seeks to employ Special Counsel, to assist Trustee in pursuing the bankruptcy estate (the "Estate")'s interest in Debtor's claim for head injuries as a part of the class action against the National Football League (the "Claim").

5.

The affidavits of Von A. DuBose of Bondurant and E. Marcus Davis of Davis regarding the matters set forth in this Application are attached hereto as Exhibit "A" and incorporated herein by this reference.

6.

Applicant proposes that Special Counsel will be compensated for services in accordance with further orders of this Court based upon the criteria for professional compensation required under bankruptcy law.

7.

Attached hereto as Exhibit "B" is a true and correct copy of the Engagement Letter setting forth the agreement for legal services between Bondurant and Debtor. Trustee seeks to move forward with Special Counsel under the same terms of the Engagement Letter, unless otherwise set forth in this Application.  Special Counsel have agreed to pursue the Claim for a contingency fee of 33.33% of the gross amount recovered after a lawsuit is filed and 40% of the gross amount recovered following the Court's decision on Summary Judgment, as Attorneys' Fees, with Bondurant to receive 70% of the Attorneys' Fees and Davis to receive 30% of the Attorneys' Fees, based upon the work each has performed or shall perform in connection with the Claim.

8.

The Complaint of Willie Whitehead, et al. vs. the National Football League was electronically filed in the State Court of Fulton County on April 16, 2012.

9.

Special Counsel have agreed that no reimbursement for expenses shall be sought from the Estate, unless and until funds are recovered through settlement or trial, and then, only after the Bankruptcy Court, following proper notice, has approved any proposed disbursement of funds.

10.

To the best of Applicant's knowledge, Special Counsel acting for Trustee in this case will be in the best interests of the Estate, because Special Counsel is already familiar with the specific case and issues, and the trouble, expense and delay inherent in acquainting other attorneys with operative facts may thus be avoided.

11.

Professional services that Special Counsel will render for which it is necessary that an attorney act include:

a.      Preparation of suit, pleadings, discovery, and the conducting of trial or settlement incident to the Claim;

b.      Resolution of any multidistrict litigation issues including allocation of expenses, subrogation or reimbursement issues; and

c.      Any and all other necessary actions incident to the proper prosecution of the above-stated case.

12.

Special Counsel will not provide services related to the general representation of Trustee in bankruptcy, but only for the specific purposes outlined herein.  To the best of Applicant's knowledge, Special Counsel does not hold or represent an interest adverse to the Estate, nor does Special Counsel represent any creditor.  Special Counsel and its attorneys are disinterested persons under 11 U.S.C. § 327(a), however, Special Counsel previously represented Debtor for the Claim.

WHEREFORE, Applicant prays that he be authorized to employ Bondurant, Mixson & Elmore, LLP and Davis, Zipperman, Kirschenbaum & Lotito, LLP to represent Trustee as Special Counsel in these proceedings and that the Court grant such other and just relief as may be proper under the circumstances.

This 10th day of February, 2014.

Respectfully submitted

/s/ Jordan E. Lubin
Jordan E. Lubin
Attorney for the Chapter 7 Trustee
Georgia Bar No. 460639

Lubin Law, P.C.
8325 Dunwoody Place
Building 2
Atlanta, Georgia 30350
770.424.8281

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                          )   CASE NO.   12-54935 - WLH
                                                )
WILLIE WHITEHEAD, JR.,                          )   CHAPTER 7
                                                )
        Debtor.                                 )

State Georgia
County of Fulton

        Before the undersigned officer, duly authorized to administer oaths, appeared E.
Marcus Davis, Esq. of Davis, Zipperman, Kirschenbaum & Lotito, LLP, who, after having
been duly sworn, states the following:

1.      I am a partner with Davis, Zipperman, Kirschenbaum & Lotito, LLP ("Davis").   In
that capacity, I have personal knowledge and authority to speak on behalf of Davis with
respect to the matters set out herein.

2.      This Affidavit is offered in support of Trustee's Application for Authorization to
Employ Bondurant, Mixson & Elmore, LLP and Davis, Zipperman, Kirschenbaum &
Lotito, LLP as Special Counsel for Trustee in the above-styled case.

3.      The matters set out in the Application and in this Affidavit are true and correct to
the best of my knowledge, information and belief.

4.      Neither I, nor any member of Davis, have or represent any interest adverse to
Trustee, Debtor or Debtor's bankruptcy estate (the "Estate").

5.      Neither I, nor any member of Davis, is related to any Judge of the United States
Bankruptcy Court for the Northern District of Georgia, nor are so connected now or in
the past with any Judge of this Court as to render such employment improper.

6.      To the best of my knowledge, information and belief, neither I, nor any member

of Davis, has any connection with Trustee, Debtor, any of the creditors of the Estate,

any other known party in interest, their attorneys or accountants, the United States

Trustee, or any person employed in the office of the United States Trustee, which would

render this employment improper.

7.      I and every person in Davis, is a "disinterested person," as defined by 11 U.S.C §

101(14) with respect to the above-named Debtor, however, Davis represented Debtor

for the Claim prior to Debtor's bankruptcy filing.

8.      I am duly admitted to practice law in the State of Georgia.

9.      Employment of Davis as Special Counsel for Trustee will be in the best interests

of the Estate.

This _27th_ day of _January_, 2014.

_____
E. Marcus Davis
Georgia Bar No. 208250

Subscribed and sworn to before me
this _27th_ day of _January_, 2014.

_Eileen E. Cornell_
My Commission Expires:  7.13.17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.    12-54935 - WLH |
| | ) | |
| WILLIE WHITEHEAD, JR., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

State Georgia

County of Fulton

Before the undersigned officer, duly authorized to administer oaths, appeared Von A. DuBose, Esq. of Bondurant, Mixson & Elmore, LLP, who, after having been duly sworn, states the following:

1. I am an attorney with Bondurant, Mixson & Elmore, LLP ("Bondurant"). In that capacity, I have personal knowledge and authority to speak on behalf of Bondurant with respect to the matters set out herein.

2. This Affidavit is offered in support of Trustee's Application for Authorization to Employ Bondurant, Mixson & Elmore, LLP and Davis, Zipperman, Kirschenbaum & Lotito, LLP as Special Counsel for Trustee in the above-styled case.

3. The matters set out in the Application and in this Affidavit are true and correct to the best of my knowledge, information and belief.

4. Neither I, nor any member of Bondurant, have or represent any interest adverse to Trustee, Debtor or Debtor's bankruptcy estate (the "Estate").

5. Neither I, nor any member of Bondurant, is related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia, nor are so connected now or in the past with any Judge of this Court as to render such employment improper.

1

6.     To the best of my knowledge, information and belief, neither I, nor any member of Bondurant, has any connection with Trustee, Debtor, any of the creditors of the Estate, any other known party in interest, their attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, which would render this employment improper.

7.     I and every person in Bondurant, is a "disinterested person," as defined by 11 U.S.C § 101(14) with respect to the above-named Debtor, however, Bondurant represented Debtor for the Claim prior to Debtor's bankruptcy filing.

8.     I am duly admitted to practice law in the State of Georgia.

9.     Employment of Bondurant as Special Counsel for Trustee will be in the best interests of the Estate.

This ___5th___ day of ___February___, 2014.

_____
Von A. DuBose
Georgia Bar No. 231451

Subscribed and sworn to before me
this ___5th___ day of ___February___, 2014.

_____
My Commission Expires: ___9-8-15___

ELIZABETH P. BRADFORD
NOTARY
EXPIRES
GEORGIA
Sept. 8, 2015
PUBLIC
COUNTY

2

**EXHIBIT "B"**

# BONDURANT MIXSON & ELMORE LLP

VON A. DUBOSE

Writer's Direct Dial
(404) 881-4181
dubose@bmelaw.com

March 27, 2012

<u>VIA EMAIL</u>

Mr. and Mrs. Willie Whitehead
446 Carter Avenue
Atlanta, GA 30317

Re: NFL Concussion Litigation

Dear Mr. and Mrs. Whitehead:

This will confirm that you have engaged Bondurant, Mixson & Elmore, L.L.P., a limited liability partnership ("BME") to perform legal services necessary and appropriate to prosecute claims arising from or relating to the National Football League ("NFL") and all other responsible parties for long-term brain injuries and other head injuries suffered while an NFL player. Experience has taught us that our relationship will be better served if there is a complete understanding with our client of our charges for fees and disbursements and our billing and collection procedures.

### Scope of Representation

BME has been engaged to represent you only with respect to any claims you may have arising out of or relating to any claims against the NFL and all other responsible parties for long-term brain injuries and other head injuries suffered while an NFL player. Any other existing or future matters in which we may, in our discretion, represent you is or will be reflected by engagement agreements separate from this one. We understand that you may rely upon other lawyers for legal advice concerning matters other than the matter for which we are engaged and that you do not expect us to provide advice regarding any other matter.

### Attorneys' Fees

BME shall be compensated as follows:

If the Claims, or any portion thereof, are settled or otherwise resolved prior to the filing of a lawsuit, Client agrees to pay Counsel twenty (20%) percent of the gross proceeds from the settled or resolved claims, after the deduction and reimbursement of litigation expenses.

954033.1

One Atlantic Center • 1201 West Peachtree St. NW • Suite 3900 • Atlanta, GA 30309 • www.bmelaw.com

BONDURANT MIXSON & ELMORE LLP

Mr. and Mrs. Willie Whitehead
Page 2
March 27, 2012

If the Claims, or any portion thereof, are settled or otherwise resolved after the filing of a lawsuit, Client agrees to pay Counsel thirty-three and thirty-three one hundredths (33.33%) percent of the gross proceeds from the settled or resolved claims, after the deduction and reimbursement of litigation expenses.

If the Claims, or any portion thereof, are settled or otherwise resolved after the Court's decision on summary judgment, Client agrees to pay Counsel forty (40%) percent of the gross proceeds from the settled or resolved claims, after the deduction and reimbursement of litigation expenses.

Further, if the Court augments a recovery on the merits by awarding statutory attorneys' fees, or if any settlement includes an attorney's fee award, Counsel shall receive the fee award, or its applicable contingent interest in the total monetary award (i.e., fee award plus judgment), whichever is greater.

### Expenses and Disbursements

The prosecution of this Action may entail significant expense, including internal expense by Counsel for services provided by Counsel (e.g., in-house photocopying, long distance telephone charge(s); delivery/courier services and expenses of computerized research) and external disbursements to advance the Client's objectives (e.g., fees and expenses of consulting and testifying experts, document reproduction, coding and organization services, meeting and travel expenses, investigative services, graphic and exhibit design).

Except as specifically provided herein or as required by applicable professional and disciplinary standards and applicable law, Client shall have no obligation to pay any litigation expenses. Counsel shall, to the fullest extent permissible under professional and disciplinary standards, advance these costs and look solely to the proceeds of a recovery for reimbursement. Subject to the approval and direction of the Court, if necessary, Client agrees that all reasonable internal and external expenses of litigation incurred or paid by Counsel shall be deducted and reimbursed from the gross recovery obtained. The parties agree that Counsel shall make all decisions as to what litigation expenses shall be incurred.

### Termination and Withdrawal

Client enjoys the right under Georgia law to terminate Counsel's services for any reason at any time. In light of this fact and the significant risks and costs associated with Counsel's undertaking this matter on a contingent fee basis, Counsel reserves the right to withdraw from this representation at any time if, in Counsel's sole professional judgment, continued representation is not appropriate for any reason. In the event of termination or withdrawal,

954033.1

# BONDURANT·MIXSON·&·ELMORE LLP

Mr. and Mrs. Willie Whitehead
Page 3
March 27, 2012

Counsel will comply with its professional responsibilities to take reasonable steps to protect Client's interests at the point of termination/withdrawal and Client will likewise cooperate with all steps necessary to facilitate the transition, including the execution of any documents necessary to effect Counsel's withdrawal. Neither termination nor withdrawal will affect Client's obligation to pay Counsel in accordance with this agreement for fees, expenses and disbursements incurred to and through the point of termination or withdrawal.

### Document Retention Policy

Counsel assumes no responsibility to maintain closed client files and documents for more than two years. At the conclusion of this representation, Client accepts the responsibility to identify any documents in Counsel's possession which Client wishes to retrieve and retain and recognizes that any documents not so identified at the end of representation will ultimately be destroyed in accordance Counsel's procedures governing closed client files.

### Effective Date

This engagement agreement reflects the terms under which we have provided services since our engagement and will provide services in the future in connection with this agreement. To signify your agreement to the terms herein, please sign where indicated below.

### Other Important Terms

This letter sets forth the entire agreement between us regarding our engagement in connection with the above-referenced matter. This agreement may be amended or modified only in writing signed by all parties to this agreement. This agreement and its performance are governed by the laws of the State of Georgia. Any dispute arising under this agreement will be submitted to arbitration in Atlanta, Georgia under the rules and procedures of the State Bar of Georgia Committee on the Arbitration of Attorney Fee Disputes, if concerning fees, or by a lone arbitrator appointed by the Superior Court of Fulton County, Georgia, if concerning any other matter. The decision of any such arbitrator or arbitrators shall be binding, conclusive, and not appealable. In the event a dispute is not or cannot be arbitrated, the parties consent to the jurisdiction of and venue in the courts of Fulton County, Georgia.

Very truly yours,

Vom A. DuBose

VAD/br
Enclosure

954033.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                          )    CASE NO.   12-54935 - WLH
                                )
WILLIE WHITEHEAD, JR.,     )    CHAPTER 7
                                )
      Debtor.                )

**CERTIFICATE OF SERVICE**

      I, Jordan E. Lubin, certify that I am over 18 years of age and that I have this date served the foregoing **Trustee's Application for Authorization to Employ Bondurant, Mixson & Elmore, LLP and Davis, Zipperman, Kirschenbaum & Lotito, LLP as Special Counsel for Trustee** by First Class U.S. Mail with adequate postage prepaid to assure delivery upon the following:

Office of the United States Trustee      Willie Whitehead, Jr.
Room 362 Russell Federal Building     446 Carter Avenue, SE
75 Spring Street, S. W.               Atlanta, Georgia 30317
Atlanta, Georgia 30303

M. Denise Dotson, Esq.            Von Avery DuBose, Esq.
M. Denise Dotson, LLC            Bondurant, Mixson & Elmore, LLP
170 Mitchell Street                3900 One Atlantic Center
Atlanta, Georgia 30303           1201 West Peachtree Street, NW
Attorney for Debtor                Atlanta, Georgia 30309

E. Marcus Davis, Esq.
Davis, Zipperman, Kirschenbaum &
Lotito, LLP
918 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306

      This 10th day of February, 2014.


                                      /s/ Jordan E. Lubin
                                      Jordan E. Lubin
                                      Attorney for the Chapter 7 Trustee

Lubin Law, P.C.
8325 Dunwoody Place, Building 2
Atlanta, Georgia 30350
770.424.8281